IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Edgardo Rodríguez Acevedo,<br><br>    Plaintiff,<br><br>    v.<br><br>DHL Express (USA), Inc.,<br><br>    Defendant. | **Civil No. 22-01539 (GMM)** |

**OPINION AND ORDER**

Before the Court is the DHL Express (USA), Inc.'s ("DHL" or "Defendant") *Motion to Dismiss Discrimination Claims Under Rule 12(b)(6)* ("*Motion to Dismiss*"). (Docket No. 35). The Court **GRANTS** in part and **DENIES** in part Defendant's *Motion to Dismiss*.

   I.   **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

At its heart, this is a wrongful termination lawsuit in which Plaintiff alleges that his employment by DHL was terminated without just cause. Plaintiff Edgardo Rodríguez Acevedo ("Plaintiff" or "Rodríguez") was employed by Defendant between August 9, 1991, and November 3, 2021. (Docket Nos. 33 ¶ 3; 34 ¶ 3). Among other functions, Rodríguez's position at DHL required him to: (1) manage and oversee air-ground operations for Puerto Rico and the U.S. Virgin Islands ("USVI"); and (2) "[d]irect, supervise and develop performance, quality control, customer service and finance in the operations of DHL and its exempt, non-exempt, sales personnel and

air and ground operations specialized contractors for Puerto Rico and the USVI." (Docket Nos. 33 ¶ 4, 34 ¶ 4). Through DHL, Rodríguez had a UNUM Insurance policy under policy number 951737. (Docket Nos. 33 ¶ 9; 34 ¶ 9). The UNUM policy provides Short Term Disability coverage to an insured in the case of illness. (Docket Nos. 33 ¶ 10; 34 ¶ 10).

Rodríguez alleges that on May 28, 2020, while in his office, and during work hours, he began to feel dizzy and sweaty with chest pain and a headache. (Docket Nos. 33 ¶ 11; 34 ¶ 11). He thus had to visit the emergency room and was diagnosed with "uncontrolled blood pressure". Id. Subsequently, Plaintiff's treating Cardiologist, Dr. Héctor L. Banchs Pieretti MD, FACC, recommended that Plaintiff not return to work considering his diagnosis. (Docket Nos. 33 ¶ 12; 34 ¶ 12). Rodríguez then sought and was approved for short-term disability coverage under the UNUM policy on May 29, 2020. (Docket Nos. 33 ¶¶ 13-14; 34 ¶¶ 13-14).

On August 3, 2020, Plaintiff alleges that he contacted UNUM after not receiving his monthly compensation, and he was told that DHL's Human Resources Manager had instructed UNUM to cease making payments to Plaintiff because his medical condition was not work-related. (Docket No. 33 ¶ 15). Rodríguez contends that he next contacted DHL Human Resources staff and was instructed by them to seek compensation under the State Insurance Fund Corporation ("the State Insurance Fund") as he was no longer entitled to compensation

Civil No. 22-01539(GMM)
Page -3-

under UNUM. (Docket No. 33 ¶¶ 16-17). DHL avers that Plaintiff did apply for and began to receive workers' compensation from the State Insurance Fund on or around August 2020. (Docket No. 34 ¶ 16).

Rodríguez alleges that on September 11, 2020, he filed a claim (Case No. 20201533029) with the State Insurance Fund, and thereafter, he began to receive medical treatment under that coverage. (Docket No. 33 ¶ 18). Plaintiff was discharged by the State Insurance Fund on August 17, 2021. (Docket Nos. 33 ¶ 19; 34 ¶ 19). That same month, Rodríguez requested accommodation through Sedgwick Claims Management Services, Inc. ("Sedgewick"), which administers accommodation requests for DHL employees, under the request identification number 42A108C68G40001GIAR. (Docket Nos. 33 ¶ 21; 34 ¶ 21). Plaintiff states that he received a letter from Sedgwick and DHL informing him that his application had been closed and that DHL would not grant the requested accommodation at that time. (Docket No. 33 ¶ 23). Defendant contends that Plaintiff's requested accommodation was denied given that Plaintiff had essentially demanded to be kept on a continuous leave, which amounted to an indefinite leave of absence, following a year of being granted alternative forms of leave from work. (Docket No. 34 ¶ 23).

Plaintiff states that his short-term disability claim filed with UNUM was subsequently approved and set to be in effect from August 18, 2021, until September 2, 2021. (Docket No. 33 ¶ 24).

Rodríguez then requested and was granted long-term disability coverage set to begin October 25, 2021. (Docket Nos. 33 ¶ 25; 34 ¶ 25). On October 29, 2021, Plaintiff spoke with DHL Human Resources regarding his condition and the "status" of his long-term disability claim and they indicated to him that further discussions on the matter with DHL's Regional Manager and Plaintiff's Supervisor would take place the following week. (Docket Nos. 33 ¶ 26; 34 ¶ 26).

On November 2, 2021, Rodríguez, his supervisor, and a DHL Human Resources Representative met to discuss Rodríguez's employment. (Docket Nos. 33 ¶ 27; 34 ¶ 27). At said meeting, Plaintiff was informed that his employment was being terminated effective November 3, 2021. (Docket Nos. 33 ¶ 28; 34 ¶ 28). Defendant argues that such termination was due to the medical information provided by Plaintiff Rodríguez, which indicated that he had been unable to work for 18 months and would continue to be unable to perform his job for the foreseeable future. (Docket No. 34 ¶ 28). During the conversation, Rodríguez was informed that his outstanding disability benefits claims under UNUM Insurance would continue to be in effect. (Docket Nos. 33 ¶ 29; 34 ¶ 29).

Plaintiff initiated the litigation of this dispute on September 7, 2022, in state court.[1] The case was removed to this Court under diversity jurisdiction on November 14, 2022. (Docket No. 1). Critically, Rodríguez's initial complaint was limited to a claim for severance, back-pay, and compensatory and punitive damages for DHL's termination of his employment without just cause in violation of Law 80 of May 30, 1976, 29 L.P.R.A. §§ 185a *et seq.*, ("Law 80"). (Docket No. 10-1).

Plaintiff filed an Amended Complaint Against DHL on July 17, 2023. (Docket No. 33). Therein, Rodríguez reiterated his Law 80 claims and added two discrimination causes of action alleging failure-to-accommodate and wrongful employment termination in violation of Puerto Rico Act No. 44 of July 2, 1985, 1 L.P.R.A. §§ 501 *et seq*. ("Law 44") and Puerto Rico Act No. 100 of June 30, 1959, 29 L.P.R.A. §§ 146 *et seq*. ("Law 100"). (Docket No. 33 ¶¶ 36-37).

On September 18, 2023, Defendant filed a motion requesting that the Court dismiss Plaintiff's discrimination causes of action under Law 100 and Law 44, arguing the claims under both statutes are time-barred under the applicable statute of limitations and

---

[1] The initial complaint was identified as civil action case number CA2022CV02935 and was brought before the Puerto Rico Court of First Instance, Carolina Superior Court. (Docket No. 1 ¶ 2).

because, in any event, Act 100 does not apply to disability discrimination claims. (Docket No. 35).

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action when a plaintiff fails to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter. . .to state a claim to relief that is plausible on its face." Rios-Campbell v. U.S. Dep't of Com., 927 F.3d 21, 24 (1st Cir. 2019) (*quoting* Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotations omitted). "A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the Court can reasonably infer that the defendant is liable for the misconduct alleged." Rodríguez-Wilson v. Banco Santander de Puerto Rico, 501 F.Supp.3d 53, 56 (D.P.R. 2020). "Plausible, of course, means something more than merely possible." Zell v. Ricci, 957 F.3d 1, 7 (1st Cir. 2020) (*citing* Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)).

In evaluating the factual plausibility of a claim, the Court must then "accept as true all well-pleaded factual averments and indulg[e] all reasonable inferences in plaintiff's favor." Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (*quoting* Aulson

v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). "[T]he inquiry should be 'whether a liberal reading of [the complaint] can reasonably admit of a claim. . .'" Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978). Dismissal under 12(b)(6) is only proper "if the facts alleged, taken as true, do not warrant recovery." Montgomery v. ACE Ins. Co., No. CV 16-2073 (MEL), 2018 WL 6287973, at *1 (D.P.R. Nov. 30, 2018) (*citing* Aulson, 83 F.3d at 3). Moreover, the Court should deny a motion to dismiss when a plaintiff "sets forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988); *see also* Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005).

Additionally, "[a]ffirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense [are] clear on the face of the plaintiff's pleadings." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (alteration in original) (citation and internal quotation marks omitted). That is, that "the pleader's allegations leave no doubt that an asserted claim is time-barred." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998).

### III. APPLICABLE AND ANALYSIS

A.  Timeliness of Plaintiff's Discrimination Claims

When the record demonstrates that a claim is filed outside the statute of limitations and such tardiness is not excused by a factual predicate that would provide a basis for tolling the statute of limitations, dismissal is proper. *See* Abdallah v. Bain Capital LLC*,* 752 F.3d 114, 119 (1st Cir.2014); Rivera-Torres v. Castillo, 109 F. Supp. 3d 477, 481 (D.P.R. 2015). Defendant argues that Plaintiff's discrimination claims under Law 100 and Law 44 were raised for the first time in the Amended Complaint on July 17, 2023, which fell outside the applicable statute of limitations, making dismissal of those claims appropriate. Plaintiff stresses that the facts alleged in the original complaint were sufficient to demonstrate "clear discrimination" to support his Law 44 and Law 100 claims, and thus the original complaint tolled the statute of limitations for the Amended Complaint's discrimination causes of action.

This is a case brought before us under diversity jurisdiction. Accordingly, in analyzing Defendant's statute of limitations challenge, "state law determines the limitations period, while the date of accrual is a federal law question." Toldedo-Colon v. P.R., 812 F.Supp.2d 110, 120 (D.P.R. 2011). "The accrual period ordinarily starts when the plaintiff knows, or has reason to know of the injury on which the action is based." Sanchez-Perez v.

Sanchez-Gonzalez, 717 F. Supp. 2d 187, 191 (D.P.R. 2010) (internal citations omitted). "In employment discrimination cases involving wrongful discharges, the statute of limitations begins to run when the plaintiff learns of the decision to terminate his employment (even if the notice he receives is informal)." Id. (quoting Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992)).

A one-year statute of limitations applies to Law 44 and Law 100 claims. See Vazquez Robles v. CommoLoCo, Inc., 252 F.Supp.3d 111, 114 (D.P.R. 2017); Matos Ortiz v. Com. of Puerto Rico, 103 F. Supp. 2d 59, 63 (D.P.R. 2000). One day after the date of accrual, the one-year statute of limitations begins to run. See Vazquez Robles, 252 F.Supp.3d at 115; Gonzalez Garcia v. P.R. Elec. Power Auth., 214 F.Supp.2d 194, 200 (D.P.R. 2002).

It is undisputed that Rodríguez was informed that his employment had been terminated on November 3, 2021. He brought his original complaint pursuant to Law 80 within the applicable statute of limitations on September 7, 2022. That complaint did not include the Law 44 and Law 100 discrimination claims. Then, on July 17, 2023, the Plaintiff, with leave of the Court, filed his Amended Complaint which included the added discrimination claims under Puerto Rico law. The question before the Court now is whether the added discrimination claims in the Amended Complaint relate back to the date of the original complaint.

Civil No. 22-01539(GMM)
Page -10-

The First Circuit has specified that in a diversity action, such as this, Federal Rule 15(c) governs when a claim's statute of limitations relates back to an original pleading. *See* Morel v. DaimlerChrysler AG, 565 F.3d 20, 25 (1st Cir. 2009) ("Rule 15(c) applies in a diversity case notwithstanding the incidence of a more restrictive state rule is implicit in our own precedent."). Rule 15(c) of the Federal Rules of Civil Procedure allows the amendment of an original complaint to add new claims as long as "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Pursuant to the relation-back doctrine, a plaintiff may avoid the preclusive effect of a statute of limitations if his complaint relates back to a prior, timely-filed complaint. *See* Turner v. United States, 699 F.3d 578, 585 (1st Cir. 2012); ConnectU LLC v. Zuckerberg, 522 F.3d 82, 94 (1st Cir. 2008). Under the conduct, transaction, or occurrence test, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Frederick v. State of New Hampshire, No. 14-CV-403-SM, 2016 WL 4382692, at *7 (D.N.H. Aug. 16, 2016) (*quoting* Mayle v. Felix, 545 U.S. 644 (2005)) (emphasis supplied). To that extent, the common core of operative facts must not "differ in both time and type." Mayle v.

Felix, 545 U.S. at 650. Thus, an amended complaint relates back to the original complaint "even though the amendment invok[es] a legal theory not suggested by the original complaint and relie[s] on facts not originally asserted." Mayle v. Felix, 545 U.S. at 659 (*citing* Tiller v. Atl. Coast Line R. Co., 323 U.S. 574, 580-81 (1945) (holding that the plaintiff's amended complaint related back when she added a negligence claim under the Boiler Inspection Act despite initially pleading a negligence claim under the Federal Employers Liability Act)).

Furthermore, "[t]he addition of new claims to an amended pleading does not alone defeat relation back; the question instead is whether the initial pleading provided a defendant with adequate notice of the potential new claims." Quaak v. Dexia, S.A., 445 F. Supp. 2d 130, 137 (D. Mass. 2006). The critical issue is "whether the original complaint gave the defendant fair notice of the newly alleged claims." Christopher v. United States, 146 F.Supp.2d 146, 151 (D.R.I. 2001) (*quoting* Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 815 (2nd Cir. 2000)); *see also* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Procedure § 1497 ("[I]f the alteration of the original pleading is so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim. . .then the amendment will not relate back").

Civil No. 22-01539(GMM)
Page -12-

Here, it is undisputed that Plaintiff's original complaint was filed within the applicable statute of limitations. Also, comparing Plaintiff's Amended Complaint to his original Complaint makes clear that there is a common core of operative facts that unite the original and newly asserted claims. To wit, both Complaints are based upon Plaintiff's termination which was allegedly due to discrimination based on his health condition and request for reasonable accommodation.

The original complaint asserts allegations related to (1) a health condition that impeded Plaintiff's return to work; (2) a request by Plaintiff for reasonable accommodations in light of that condition; and (3) the denial of the requested accommodations as well as Plaintiff's termination "from his employment while on sick leave." (Docket No. 10-1 ¶¶ 11-14, 21-23, and 35). The Amended Complaint contains those same facts and simply incorporates a few additional allegations to state that Plaintiff's termination, in addition to being without just cause and in violation of Law 80, was also discriminatory and in violation of Law 100 and Law 44. (Docket No. 33 ¶ 36-37) ("Plaintiff was terminated from his employment without just cause, violation of the provisions of Law 80 of May 30, 1976, as amended, DHL Express's decision was based on an act of discrimination and in direct violation of Law Núm. 44 July 2, 1985, 1 LPRA sec., 501 et seq. and Law 100 of June 30, 1959, 29 LPRA sec. 146 et seq., prohibit discrimination conduct by

the employer because of 'age, race, color, sex, social or national origin, social condition, political affiliation, political or religious ideology, or for being a victim or perceived as a victim of domestic violence, sexual aggression or stalking.'")

The amendments and supplementary allegations included in the Amended Complaint were not substantial. Defendant was thus given adequate notice of the conduct, transaction, or occurrence that form the basis of the new claims incorporated into the Amended Complaint. In short, even though the original complaint could have been drafted more clearly to blatantly allege Plaintiff's discriminatory termination claims, the facts contained in that original complaint were materially identical and were thus sufficient to give Defendant notice of the challenged conduct.[2]

---

[2] The Court is not persuaded by Defendant's arguments and citation of Negron Cintron v. Endourological Inst., Inc., No. CV 21-1461 (SCC), 2022 WL 2133994, (D.P.R. June 13, 2022). Negron Cintron is factually distinguishable from this case. The former applied the relation back doctrine to the context of a previous extrajudicial claim while the present matter arises in the context of amendment to the complaint under Rule 15(c). Nonetheless, this Court notes that the Negron Cintron court cited an instructive Puerto Rico Supreme Court case, Díaz v. Wyndham Hotel Corp., 155 DPR 364, 387 [55 PR Offic. Trans. 28, __ ] (2001) (emphasis supplied), which clarifies that "'not every wrongful discharge is also discriminatory; but, on the contrary, every discriminatory discharge is indeed wrongful.' Consequently, the notice of a claim for wrongful discharge will not toll the statute of limitations for a discrimination claim, unless allegations of discrimination were included in the complaint thus served. Ultimately, *what is important, considering a notice examined under the 'simple interruption' requirements, is the contents of the document served on the opposing party, and not whether the forum where said claim was filed has jurisdiction to hear it*." In the case before us, the original Complaint included a notice for wrongful discharge which also contained allegations of discrimination. Accordingly, here, the amended complaint's statute of limitations relates back to the original pleading.

Civil No. 22-01539(GMM)
Page -14-

It must be noted that "Courts have afforded Rule 15(c) a liberal thrust." Gold v. Poccia, No. CV 17-104 (WES), 2018 WL 4521940, at *2 (D.R.I. Sept. 21, 2018) (*citing* Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1259 n.29 (9th Cir. 1982) ("We are mindful that the relation back doctrine of Rule 15(c) is to be liberally applied."); Tri-Ex Enter. Inc. v. Morgan Guar. Trust Co. of New York, 586 F. Supp. 930, 932 (S.D.N.Y. 1984) (describing Rule 15(c) as a "very liberal standard")).

Plaintiff's discrimination claims arose from the same conduct, transaction, or occurrence set out in his original complaint. Plainly, all of Plaintiff's claims, as well as the discrimination damages included in the Amended Complaint, arose from his employment termination. As such, applying Rule 15(c)'s liberal standard, Plaintiff's Law 44 and Law 100 claims, along with his amended damages requests, "relate back" to the date of the original pleading and are deemed to have been timely filed. The Court thus concludes that Defendant's *Motion to Dismiss* Plaintiff's Law 44 and Law 100 claims for untimeliness is unsuccessful and declines to dismiss the claims on that ground.

B.  Applicability of Law 100 to Plaintiff's Claims

As to Rodríguez's Law 100 discrimination claim, in his Amended Complaint, Plaintiff alleges that DHL's decision to terminate him "was based on an act of discrimination and in direct violation of. . .Law 100. . ." (Docket No. 33 ¶ 36). Yet, throughout the pleadings

the sole basis upon which he claims employment discrimination is for his alleged disability. To that extent, Defendant contends that Law 100 does not apply to Plaintiff's claim given that disability is not one of the protected categories under the statute. (Docket No. 35 at 10).

The Court agrees. Law 100 is Puerto Rico's General Antidiscrimination Act. It bars private enterprises from discriminating against an employee based on his or her "age, race, color, sex, sexual orientation, gender identity, social or national origin, social condition, political affiliation, political or religious beliefs, or for being a victim or perceived as a victim of domestic violence, sexual assault or stalking, for being a servicemember, ex-servicemember, serving or having served in the United States Armed Forces, or holding veteran status." 29 L.P.R.A. § 146. Nothing in the text of the statute nor the case law reviewed by the Court contemplates Law 100's application to disability discrimination. Rather, employment discrimination against disabled persons is directly addressed by the parallel class-specific statute, Law 44. *See* 1 L.P.R.A. § 505. Accordingly, since disability status is not a protected category under Law 100, the Court dismisses Plaintiff's claim under said statute.[3]

---

[3] This District has reached the same conclusion in the past. *See e.g.* Mercado Cordova v. Walmart Puerto Rico, Inc., 369 F.Supp.3d 336, 361 (D.P.R. 2019); Arroyo-Ruiz v. Triple-S Mgmt. Grp., 206 F.Supp.3d 701, 719 (D.P.R. 2016).

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** Defendant's *Motion to Dismiss.*

IT IS SO ORDERED.

In San Juan, Puerto Rico, January 26, 2023.


                                                      <u>s/Gina R. Méndez-Miró</u>
                                                      GINA R. MÉNDEZ-MIRÓ
                                                      UNITED STATES DISTRICT JUDGE